# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2010

No. 09-30408
Summary Calendar

Lyle W. Cayce
Clerk

LANE BEGNAUD

Plaintiff-Appellant

v.

BLUE CROSS & BLUE SHIELD FOUNDATION, formerly known as
Louisiana Child Care Foundation Inc, formerly known as Louisiana Health
Service & Indemnity Co PAC; HMO LOUISIANA INC; LOUISIANA
HEALTH SERVICE & INDEMNITY CO, doing business as Blue Cross &
Blue Shield of Louisiana

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CV-1137

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

James Begnaud ("Begnaud"), on behalf of his son Lane Begnaud, appeals
the district court's grant of summary judgment in favor of appellees' ("Blue
Cross") partial denial of health insurance benefits.   Because the plan

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-30408

administrator did not abuse its discretion, the judgment is AFFIRMED, for essentially the reasons stated by the district court.

While she was pregnant, Begnaud's wife, Erin, received prenatal medical care from the Pediatrix Medical Group ("Pediatrix"). Blue Cross provided Erin's medical insurance under Begnaud's employee benefit plan. When she first began using Pediatrix it was a "participating provider" with Blue Cross. However, due to a merger with another medical group, Pediatrix was a non-participating provider for approximately three months, including June 3, 2006, when Erin Begnaud required an emergency delivery and neonatal services provided by Pediatrix. The Begnauds were charged $6,356 for these services, but Blue Cross reimbursed only $1,660.70.

For each covered procedure, Blue Cross negotiates an "allowable charge" with a medical service provider. If the medical provider is a participating provider with Blue Cross, then the medical provider holds the member (the Begnauds) harmless for any amount in excess of the allowable charge. If the member uses a non-participating provider, he is completely liable for any amount in excess of the allowable charge that the provider chooses to assess. In either case, Blue Cross requires a copayment by the member pursuant to a formula based partially on whether the medical provider is a participating provider.

Under Begnaud's plan, Blue Cross normally pays fifty percent of the allowable charge for services from non-participating providers. Begnaud appealed this reimbursement to Blue Cross's plan administrator. In response, Blue Cross did not enforce the provision and, in the exercise of its discretionary authority, paid seventy percent of the allowable charge. This is equivalent to the reimbursement rate paid for services from participating providers. Moreover, Blue Cross increased the allowable charge for each service by twenty percent,

No. 09-30408

further increasing the reimbursement. Because Pediatrix was a non-participating provider during the emergency delivery, Begnaud is liable for the amounts in excess of the allowable charge. This excess amount accounts for most of Begnaud's personal liability. Begnaud's subsequent administrative appeal was unsuccessful.

Begnaud sued, contending that Blue Cross's failure to pay the full amount of the claim for medical services is contrary to his insurance contract. The district court granted summary judgment in favor of Blue Cross. Begnaud now appeals and seeks attorney's fees.

We review a dismissal on summary judgment *de novo* applying the same standard as the district court. *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). A motion for summary judgment should be granted if there is no genuine issue of any material fact. FED. R. CIV. P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).

When, as here, the ERISA plan at issue grants the administrator "full discretionary authority," the administrator's interpretation of the facts and law is reviewed for abuse of discretion. *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 537-38 (5th Cir. 2007). Further, when the benefit plan at issue is self-administered, the court must consider the conflict of interest as a factor in determining whether the administrator abused its discretion, employing a "sliding scale" standard of review. *Id.* The court will act with less deference to the administrator in proportion to the evidence of conflict before it. *Id.*

In the present case, Begnaud has failed to demonstrate that the Blue Cross administrator abused its discretion. Begnaud believes the following provision in his policy entitles him to a full reimbursement:

## When A Member Uses Nonparticipating Providers

[ . . . ]

<u>However, the Member has the right to file an Appeal with the Company to receive Benefits based on a higher Allowable Charge,</u> if the Member received Covered Services from a Nonparticipating Provider who was the only Provider available to deliver the Covered Service within a seventy-five (75) mile radius of the Member's home or <u>if the Covered Service that the Member received from the Nonparticipating Provider was an Emergency Medical Service.</u> (emphasis added).

Plainly, as the court held, the "Emergency Medical Services" provision does not entitle Mr. Begnaud to a 100 percent reimbursement rate for emergency services. Rather, the provision provides the member an opportunity to appeal the size of the allowable charge. Begnaud was afforded the opportunity to appeal and, further, was successful. With no contractual obligation to do so, Blue Cross paid at the higher participating provider rate (seventy percent) and increased the allowable claim amount by twenty percent. Blue Cross refused to pay any amounts in excess of the allowable charge, which is its policy. The administrator correctly, indeed generously, interpreted and applied the plan.

Because this appeal is meritless, Bernaud is not entitled to attorney's fees.

The judgment of the district court is **AFFIRMED**.